UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
ERIC S.,

                        Plaintiff,        REPORT & RECOMMENDATION
                                                     7:23-cv-06357-KMK-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

      In August of 2021, Plaintiff Eric S.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Francesca Zeltmann, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

      This case was referred to the undersigned for a Report and Recommendation on June 13, 2024. Presently pending is Plaintiff's Motion for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 11). For the following reasons, it is

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

recommended that Plaintiff's motion should be denied, and this case should be dismissed.

## I. BACKGROUND

### A. Administrative Proceedings

Plaintiff applied for benefits on August 17, 2021, alleging disability beginning March 12, 2021. (T at 188-99, 216-41).[2] Plaintiff's application was denied initially and on reconsideration. He requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on October 6, 2022, before ALJ Michael J. Stacchini. (T at 29-54). Plaintiff appeared with an attorney and testified. (T at 35-50). The ALJ also received testimony from Zach Fosberg, a vocational expert. (T at 50-52).

### B. ALJ's Decision

On October 25, 2022, the ALJ issued a decision denying the application for benefits. (T at 7-23). The ALJ found that Plaintiff had not engaged in substantial gainful activity since March 12, 2021 (the alleged onset date) and meets the insured status requirements of the Social Security Act through December 31, 2026. (T at 12).

The ALJ concluded that Plaintiff's degenerative disc disease of the lumbar spine; degenerative disc disease of the cervical spine; and bilateral

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 10.

carpal tunnel syndrome were severe impairments as defined under the Act. (T at 12). However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 12).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: he can sit for 6 hours in an 8-hour workday and stand and/or walk for 2 hours in an 8-hour workday with regular breaks of 15 minutes in the morning and afternoon and 30-60 minutes midday; he can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, or crouch, but never crawl; he can frequently reach, except for occasional overhead reaching, and can frequently handle and finger bilaterally. (T at 13).

The ALJ concluded that Plaintiff could perform his past relevant work as a consultant, examiner/analyst, banker/financial customer service representative, and trader. (T at 17). As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between March 12, 2021 (the

alleged onset date) and October 25, 2022 (the date of the ALJ's decision). (T at 17-18).

On May 26, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C. Procedural History

Plaintiff commenced this action by filing a Complaint on July 21, 2023. (Docket No. 1). Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law, on January 22, 2024. (Docket Nos. 11, 12). The Commissioner interposed an opposing brief on March 22, 2024. (Docket No. 13). On April 12, 2024, Plaintiff submitted a reply brief in further support of his motion. (Docket No. 14). The matter was assigned to the undersigned for a Report and Recommendation on June 13, 2024.

## II. APPLICABLE LAW

A. Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of his challenge to the ALJ's decision.  First, he contends that the ALJ failed to adequately address the medical opinion evidence, which undermines the RFC determination.  Second, Plaintiff asserts that the ALJ's assessment of the impact of his carpal tunnel syndrome was flawed.  This Court will address both arguments in turn.

### A.   *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Marshal Peris, Plaintiff's treating orthopedic surgeon, provided several assessments of Plaintiff's work-related limitations.

In September of 2021, Dr. Peris opined that Plaintiff could not perform sitting or "computer work" due to pain, did not have the physical

9

capacity to return to his occupation even with accommodations, and would not benefit from movement and exercise. (T at 899).

In November of 2021, Dr. Peris completed a functional capacity assessment, in which he found that Plaintiff was limited to occasional standing, walking, sitting, reaching, fingering, handling, and lifting/carrying up to 20 pounds. (T at 903). Dr. Peris opined that Plaintiff could never climb ladders, balance, stoop, kneel, crawl, or lift/carry more than 50 pounds. (T at 903).

In August of 2022, Dr. Peris completed another functional capacity assessment, in which he found that Plaintiff could not sit and use a computer due to neck pain; could occasionally lift/carry up to 50 pounds; could sit for 4 hours in an 8-hour work day (but not more than 1 hour at a time); could stand/walk for 2 hours in an 8-hour work day; was limited to occasional pushing, pulling, and overhead reaching; could perform frequent reaching in other directions; could engage in frequent handling, fingering, and feeling; could occasionally climb stairs and ramps, balance, stoop, kneel, and crouch, but never crawl or climb ladders and scaffolds. (T at 967-72).

The ALJ found Dr. Peris's opinions generally unpersuasive. (T at 16-17).

For the following reasons the Court finds the ALJ's assessment supported by substantial evidence and consistent with applicable law.

First, the ALJ's decision is supported by other medical opinion evidence.

Dr. Michael Healy performed a consultative examination in November of 2021. Plaintiff demonstrated normal gait; decreased flexion and extension in the cervical and lumbar spine; full range of motion and strength in the upper and lower extremities; no limitation in fine motor activity of the hands; and no sensory deficits or muscle atrophy. (T at 793-94). Dr. Healy characterized Plaintiff's prognosis as good and opined that he had mild to moderate limitation as to standing, walking, and sitting. (T at 795).

The ALJ reasonably relied on Dr. Healy's opinion when deciding to discount Dr. Peris's more restrictive assessment and in support of his determination that Plaintiff could perform a reduced range of sedentary work. (T at 16). *See Murray v. Colvin*, No. 15-CV-6384P, 2016 WL 5335545, at *10 (W.D.N.Y. Sept. 23, 2016)("[S]everal courts have upheld an ALJ's decision that the claimant could perform light or sedentary work even when there is evidence that the claimant had moderate difficulties in prolonged sitting or standing….")(collecting cases).

In December of 2021, Dr. M. Perrotti, a non-examining State Agency review physician, opined that Plaintiff could lift/carry 20 pounds occasionally and less than 10 pounds frequently, stand and/or walk about six hours in an eight-hour workday, sit more than six hours on a sustained basis in an eight-hour workday, occasionally climb ramps and stairs, and stoop, but never climb ladders, ropes, or scaffolds. (T at 55-68).

In March 2022, Dr. S. Gandhi, another State Agency review physician, assessed similar limitations as Dr. Perrotti, while also finding that Plaintiff could lift and carry 10 pounds occasionally and less than 10 pounds frequently. (T at 70-87).

Although the ALJ found Plaintiff somewhat more limited than the State Agency physicians, he reasonably relied on their opinions when finding Dr. Peris's very restrictive assessments unpersuasive. (T at 16). *See Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019) ("'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'")(quoting *Leach ex rel. Murray v. Barnhart,* 02 Civ. 3561, 2004 U.S. Dist. LEXIS 668, at *26 (S.D.N.Y. Jan. 22, 2004)).

Second, the ALJ's decision to discount the more restrictive aspects of Dr. Peris's opinion is supported by a reasonable reading of the record, including Dr. Peris's own treatment notes. (T at 14-17).  *See Aguirre v. Saul*, No. 20 Civ. 4648 (GWG), 2021 U.S. Dist. LEXIS 203693, at *20-21 (S.D.N.Y. Oct. 22, 2021) (finding that ALJ "properly concluded" that treating physician's medical opinion "lacked support" from his own treatment notes); 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be."); *see generally Sanders v. Comm'r of Soc. Sec.*, No. 20-cv-2229 (ALC), 2021 U.S. Dist. LEXIS 174598, at *50 (S.D.N.Y. Sep. 14, 2021)(affirming ALJ's decision to discount treating physician's assessment of disabling arthritis symptoms based on, *inter alia*, treatment notes showing normal motor strength, no tenderness, no significant neurological deficits or muscle weakness).

A December 2020 MRI showed "mild" to "moderate" lumbar degeneration, with no evidence of nerve root impingement. (T at 827-28). X-rays and a CT scan of the cervical spine in July of 2021 showed a solid fusion and "mild" to "moderate" degenerative changes. (T at 840-41, 848). In July 2022, an EMG found no evidence of significant cervical

radiculopathy and "borderline" findings of carpal tunnel syndrome. (T at 976).

Dr. Peris's treatment notes from February 2021 to July 2022 documented full motor strength, full shoulder range of motion, non-antalgic gait, normal motor findings, and reported that Plaintiff appeared well and in no acute distress, albeit with limited cervical range of motion. (T at 561, 572, 590, 652, 875, 894, 1010). Treatment notes from other providers likewise documented limited cervical range of motion and pain, but also evidenced generally unremarkable clinical findings. (T at 839, 867, 883, 885, 886, 889-90, 976, 979-80, 983-84).

Third, the ALJ reasonably found that Plaintiff's reported activities of daily living, which included bicycling, kayaking, and exercise, were inconsistent with the more restrictive aspects of Dr. Peris's opinions. (T at 15, 35-50, 397, 793, 887).

A claimant's "normal range of activities" may be relied upon as evidence that the claimant "retains a greater functional capacity than alleged." *Smoker v. Saul*, No. 19-CV-1539 (AT) (JLC), 2020 U.S. Dist. LEXIS 80836, at *53 (S.D.N.Y. May 7, 2020)(citation omitted).

In particular, "[e]vidence that a plaintiff is capable of participating in various activities of daily living despite allegations of severe pain can

14

support a determination that a plaintiff can perform sedentary work." *Niven v. Barnhart*, 03 Civ. 9359 (DLC), 2004 U.S. Dist. LEXIS 17337, at *19 (S.D.N.Y. Sept. 1, 2004)(citing *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir. 1980)).

Plaintiff offers an alternative reading of the record and a different interpretation of the medical opinion evidence.

Nonetheless, for the reasons discussed above, the Court finds the ALJ's decision supported by substantial evidence and it must therefore be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

Moreover, although Plaintiff suffers from some pain and limitation the ALJ did not dismiss the evidence of Plaintiff's pain and, instead, found him

15

limited to a reduced range of sedentary work. (T at 13).  However, "disability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

It is, therefore, recommended that the ALJ's assessment of the medical opinion evidence should be sustained.

### B.   Carpal Tunnel Syndrome

The ALJ recognized Plaintiff's carpal tunnel syndrome as a severe impairment and found that he was limited to frequent handling and fingering bilaterally. (T at 12-13).  Plaintiff argues that this limitation does not adequately account for his impairment.  In support of this argument, Plaintiff cites his testimony regarding numbness and tingling in his fingers and limitation in activities, along with the recommendation of Dr. Orly Avitzur, his pain management physician, that he "reduce or better yet, hold off on manual activities." (T at 887, 890).

The ALJ, however, considered this evidence and provided sufficient support for the manipulative limitations incorporated into the RFC determination. (T at 14-15).  Dr. Healy did not assess any manipulative limitations. (T at 795).  The State Agency review physicians did not assess any manipulative limitations. (T at 64-65, 82).  Dr. Peris, Plaintiff's treating

16

physician, opined that he could engage in frequent handling, fingering, and feeling bilaterally. (T at 969). A July 2022 electromyogram (EMG) showed "borderline" carpal tunnel findings, bilaterally. (T at 976). Plaintiff performed an array of activities involving the use of his hands – including cooking, cleaning, weightlifting, and kayaking. (T at 50, 397, 428, 793, 883). The ALJ cited clinical examinations noting full grip strength and intact dexterity bilaterally. (T at 14-15, 94, 883, 885, 885, 976).

For these reasons the Court finds no error in the ALJ's assessment of Plaintiff's carpal tunnel syndrome.

## IV.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) should be DENIED, and this case should be dismissed.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See also* Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the District Judge. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010).

Dated: August 9, 2024

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge