UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC SAVITCH,

                            Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

No. 23-CV-6357 (KMK)

ORDER ADOPTING
REPORT & RECOMMENDATION

KENNETH M. KARAS, United States District Judge:

        Eric Savitch ("Plaintiff") brings this Action against the Commissioner of Social Security

("Defendant" or the "Commissioner"), seeking judicial review of the Commissioner's denial of

Plaintiff's application for disability benefits.  (*See* Compl. (Dkt. No. 1).)  On January 22, 2024,

Plaintiff moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil

Procedure, which Defendant opposed.  (*See* Dkt. Nos. 11–14.)  On June 13, 2024, this case was

reassigned to Magistrate Judge Gary R. Jones ("Judge Jones").  (*See* Dkt., Minute Entry dated

June 13, 2024.)  On August 9, 2024, Judge Jones issued a Report and Recommendation ("R&R")

recommending the Court deny Plaintiff's Motion and dismiss the case.  (*See* R&R 1–2 (Dkt. No.

15).)  Plaintiff filed his objections to the R&R on August 23, 2024.  (Pl's Obj. to R&R ("Pl's

Obj.") (Dkt. No. 16).)  The Commissioner filed a response on September 6, 2024.  (Def's Resp.

to Pl's Obj. ("Def's Resp.") (Dkt. No. 17).)  After a review of the record and briefing, the Court

adopts the result recommended in the R&R and overrules Plaintiff's objections.

I.  Discussion

A.  Standard of Review

1.  Review of a Magistrate Judge's R&R

A district court reviewing a R&R addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge."  28 U.S.C. § 636(b)(1).  Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), a party may submit objections to the magistrate judge's R&R.  The objections must be "specific" and "written," and must be made "[w]ithin [fourteen] days after being served with a copy of the recommended disposition," Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Federal Rules of Civil Procedure 5(b)(2)(C)–(D), (F), *see* Fed. R. Civ. P. 6(d), for a total of seventeen days, *see* Fed. R. Civ. P. 6(a)(1).

Where a party submits timely objections to a R&R, as Plaintiff has done here, the Court reviews de novo the parts of the R&R to which the party objected.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The district court "may adopt those portions of the . . . [R&R] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)); *see also Mack v. Collado*, No. 21-CV-8541, 2023 WL 6200170, at *2 (S.D.N.Y. Sept. 22, 2023) (same).

2.  Review of a Social Security Claim

In evaluating a Social Security claim, the reviewing court does not determine for itself whether the plaintiff was disabled and therefore entitled to Social Security benefits.  *See Cage v.*

*Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("[W]e do not substitute our judgment for the agency's, or determine de novo whether the claimant [was] disabled." (alteration adopted) (citations, quotation marks, and italics omitted)).  Instead, the reviewing court considers "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004).  Accordingly, a court may overturn an administrative law judge's ("ALJ") determination only if it was "based upon legal error" or "not supported by substantial evidence." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998)); *see also Cage*, 692 F.3d at 122 ("[W]e conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision[.]" (alteration in original) (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009))).  "Substantial evidence[] . . . is 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rosa*, 168 F.3d at 77 (quoting *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971) (same).  In considering whether substantial evidence supports the ALJ's decision, the reviewing court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citation omitted).  Nevertheless, "[t]he substantial evidence standard is a very deferential standard of review[.]" *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022) (quotation marks omitted).  Indeed, even "[i]f [the] evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *Id.* (quoting *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014)); *see also Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (explaining that the Commissioner's findings of fact must be

upheld unless "a reasonable factfinder would *have to conclude otherwise*" (emphasis in original) (citation omitted)).

In determining whether a claimant is entitled to disability insurance benefits, the ALJ follows a five-step analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, [the] claimant has an impairment listed in Appendix 1 of the regulations.  If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him [or her] disabled, without considering vocational factors such as age, education, and work experience.
4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity [("RFC")] to perform his or her past work.
5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1179–80 (2d Cir. 1998)); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v).  The claimant bears the burden of proof for the first four steps.  *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). If, however, the claimant proves that her impairment prevents her from performing her past work, the burden shifts to the Commissioner at the fifth step.  *See id.*  There, the Commissioner must prove "that there is other gainful work in the national economy that [the claimant] could perform."  *Kamerling v. Massanari*, 295 F.3d 206, 210 (2d Cir. 2002).  If the ALJ determines that a "significant numbers of jobs exist in the national economy that the claimant can perform," *McIntyre*, 758 F.3d at 151, the ALJ must deny disability insurance benefits to the claimant, *see* 20 C.F.R. § 404.1520(a)(4)(v); *see also* 42 U.S.C. § 423(d)(2)(A) (providing that an individual is disabled under the Social Security Act when he or she suffers from an impairment that is "of

such severity that he [or she] is not only unable to do his [or her] previous work but cannot[] . . .

engage in any other kind of substantial gainful work which exists in the national economy[,]"

that is, "work which exists in significant numbers either in the region where such individual lives

or in several regions of the country").

B.  Analysis

The Court adopts the recitations of facts set forth by Judge Jones in the R&R, (*see* R&R

2–4), and assumes the Parties' familiarity with the underlying record.  The Court will repeat only

those facts relevant to its consideration of Plaintiff's objections.  The facts are taken from the

administrative record ("R.") of the Social Security Administration, filed by the Commissioner on

December 6, 2023.  (*See* Dkt. Nos. 10, 10-1 to -3.)

Generally, Plaintiff objects to Judge Jones' finding that the ALJ properly evaluated the

opinion evidence in the record.  Specifically, Plaintiff objects that:  (1) the ALJ unreasonably

relied on the opinions of consultative examiner Dr. Michael Healy and State agency physicians

Dr. Perrotti and Dr. Gandhi in finding unpersuasive the opinion of Dr. Marshal Peris, Plaintiff's

orthopedic surgeon; (2) the ALJ did not consider certain portions of the record; and (3) the ALJ

unreasonably determined that Plaintiff's reported activities were inconsistent with aspects of

Dr. Peris' opinions.  (*See* Pl's Obj. 4–8.)  The Court addresses these objections below.

1.  Medical Opinion Evidence

When evaluating the persuasiveness of medical opinions, pursuant to 20 C.F.R.

§ 404.1520c(c), the Commissioner will consider the following five factors:

(1) supportability; (2) consistency; (3) relationship of the source with the
claimant, including length of the treatment relationship, frequency of
examination, purpose of the treatment relationship, extent of the treatment
relationship, and whether the relationship is an examining relationship; (4) the
medical source's specialization; and (5) other factors, including but not limited to
evidence showing a medical source has familiarity with the other evidence in the

claim or an understanding of [the SSA] disability program's policies and evidentiary requirements.

*Acheampong v. Comm'r of Soc. Sec.*, 564 F. Supp. 3d 261, 266 (E.D.N.Y. 2021) (internal quotation marks omitted).  The ALJ must address the first two factors, supportability and consistency, but is not required to address the remaining factors.  20 C.F.R. § 404.1520c(b)(2); *see also Gauda v. Comm'r of Soc. Sec.*, No. 23-594, 2024 WL 886595, at *2 (2d Cir. Mar. 1, 2024) (summary order) ("The most important factors ALJs consider when they evaluate the persuasiveness of medical opinions . . . are supportability . . .  and consistency.") (alterations adopted).  For supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  20 C.F.R. § 404.1520c(c)(1).  For consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  20 C.F.R. § 404.1520c(c)(2).

Here, as Judge Jones noted in the R&R, the ALJ addressed supportability, noting that objective medical evidence, including post-surgical imaging studies, a series of cervical x-rays, and an electromyogram, and supporting explanations, including examination notes, neither "substanatiate[d] [Plaintiff's] statements regarding the subjective symptoms he experience[d]" nor "support[ed] the reported severity of [Plaintiff's] cervical degenerative disc disease."  (R. 14; *see also* R&R 13 ("[T]he ALJ's decision to discount the more restrictive aspects of Dr. Peris' opinion is supported by a reasonable reading of the record.").)

The ALJ also addressed consistency, noting that Dr. Peris' opinions as to Plaintiff's alleged disability were "inconsistent with the examination notes throughout the record," (R. 17; *see also* R&R 13–14), and finding that the opinions of State agency consultants Dr. Perrotti and Dr. Gandhi and consultative examiner Dr. Healy were consistent with examination notes throughout the record, (R. 16; *see also* R&R 11–12).

Because the ALJ addressed both supportability and consistency, the Court agrees with Judge Jones that the ALJ provided sufficient reasoning to conclude that Dr. Peris' opinion was not persuasive. *See Diaz v. Comm'r of Soc. Sec. Admin.*, No. 22-CV-2256, 2023 WL 6390172, at *4–5 (S.D.N.Y. Sept. 29, 2023) (adopting report and recommendation finding that ALJ properly found that medical opinion evidence was unpersuasive, where ALJ noted that opinion evidence was not supported and inconsistent); *Hall v. Kijakazi*, No. 20-CV-7320, 2022 WL 4592913, at *3 (S.D.N.Y. Sept. 30, 2022) (adopting report and recommendation concluding that the ALJ correctly decided to give medical opinion evidence little weight because opinions were, in some cases, self-contradictory and, in others, inconsistent with the opinions of several non-treating physicians). Thus, Plaintiff's general objection is overruled. The Court next addresses Plaintiff's specific objections.

### a.  Reliance on Dr. Healy's Opinion

Plaintiff asserts that the ALJ improperly relied on Dr. Healy's "internally inconsistent" report. (Pl's Obj. 5.) The inconsistency allegedly arises because Dr. Healy's opinion that Plaintiff "experiences 'mild-to-moderate' limitations standing, walking, and sitting" is at odds with his "[finding] significantly reduced range of motion of the cervical spine." (*Id.*) Plaintiff further claims that the ALJ "admitted" that "Dr. Healy gave a vague conclusion" as to "mild-to-

moderate limitations" and that the ALJ should have "reconcile[d] Dr. Healy's significant

objective findings and vague conclusions." (*Id.*)

### i. Internal Inconsistency

The Second Circuit has held that an assessment of how "an ALJ considers 'internal

inconsistencies'" follows the substantial evidence standard. *See Rivers v. Kijakazi*, No. 21-1935,

2023 WL 2485467, at *2 (2d Cir. Mar. 14, 2023) (summary order) (citing *Colgan v. Kijakazi*, 22

F.4th 353, 362 (2d Cir. 2022) (applying the substantial evidence standard when reviewing an

ALJ's determination that a medical opinion was internally inconsistent)).  Plaintiff offers no

citation or support for the contention that Dr. Healy found "significantly reduced range of motion

of the cervical spine," (*see* Pl's Obj. 5), and neither the ALJ nor Judge Jones adopted such a

characterization, (*see generally* R.; R&R)  It appears that Plaintiff is referring to Dr. Healy's

musculoskeletal examination, in which he found "decreased flexion/extension" of Plaintiff's

cervical spine.  (R. 794.)  "[T]here is no requirement that the ALJ wholly adopt all of [an

examiner's] opinions."  *De Camacho v. O'Malley*, 717 F. Supp. 3d 354, 370 (S.D.N.Y. Feb. 20,

2024) (citing *Christina v. Colvin*, 594 F. App'x 32, 33 (2d Cir. 2015) (summary order), and

*Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order)).  To the extent that

Dr. Healy's opinion does indicate a "significantly reduced range of motion of the cervical spine,"

(Pl's Obj. 5), the ALJ discounted that portion of the opinion as unsupported by and inconsistent

with the record as a whole, and explicitly credited the findings of "non-antalgic gait, 5/5 strength,

intact sensation, and 2+ deep tendon reflexes [as] not support[ing]" Plaintiff's claimed

impairments and Dr. Peris' opinion of the same, (R. 16 (quoting R. 793–94)).  This explanation

suffices to substantiate the ALJ's reliance on Dr. Healy's opinion.  *Cf. Rivers*, 2023 WL

2485467, at *2 (finding that an ALJ impermissibly relied on an internally inconsistent medical

opinion where the ALJ "provide[d] no explanation of why he gave preference to the part of the report cutting against [plaintiff's] claim over the preceding sentences that would support [plaintiff's] claim").

### ii. Vague Conclusions

Plaintiff correctly notes that the ALJ described Dr. Healy's opinion as "vague, as it is not in functionally relevant terms." (R. 16; Pl's Obj. 5.) The ALJ also noted that "Dr. Healy opined that [Plaintiff] experiences 'mild-to-moderate' limitations." (R. 16 (citing *id.* 795).) "[T]he mere use of the phrase 'moderate limitations' does not render a doctor's opinion vague or non-substantial for purposes of the ALJ's RFC determination." *Jordan v. Comm'r of Soc. Sec.*, No. 16-CV-9634, 2018 WL 1388527, at *9 (S.D.N.Y. Mar. 19, 2018) (quoting *Dier v. Colvin*, No. 13-CV-502, 2014 WL 2931400, at *4 (W.D.N.Y. June 27, 2014)). In fact, the phrase "c[an] serve as an adequate basis for the ALJ's determination where it was 'supported by additional information, i.e., objective medical findings.'" *Id.* (quoting *Tudor v. Comm'r of Soc. Sec.*, No. 12-CV-2795, 2013 WL 4500754, at *12 (E.D.N.Y. Aug. 21, 2013) (italics omitted)). Dr. Healy's opinion of mild-to-moderate limitations is supported by his own objective medical findings—namely, some decreased cervical spine movement and findings of normal gait, strength, sensation, and reflexes, (R. 793–94)—and by the ALJ's reading of the record as a whole, which supported the ALJ's finding of a RFC that is less restricted than that suggested by Plaintiff and Dr. Peris' opinion.

### b. Reliance on Dr. Perrotti and Dr. Gandhi's Opinions

Plaintiff also objects to reliance on Dr. Perrotti and Dr. Gandhi's opinions as improper because their opinions are "inconsistent with each other"—namely, Dr. Perrotti opined that Plaintiff "retains the ability to perform light work with postural limitations," while Dr. Gandhi

9

opined that Plaintiff "retains the ability to perform sedentary work with postural limitations."  (R. 16; Pl's Obj. 5.)  Plaintiff also notes that both doctors "did not have the opportunity to review and consider the entire medical record."  (R. 16; Pl's Obj. 5–6.)

The opinions of Dr. Perrotti and Dr. Gandhi are not impermissibly inconsistent such that the ALJ was not permitted to rely upon them.  The ALJ found each opinion persuasive, but differently so—"Dr. Perrotti's opinion . . . [is] partially persuasive, as it is consistent with the evidence available at the time it was formed," and "Dr. Gandhi's opinion . . . [is] persuasive, as the opined limitations are consistent with the examination notes throughout the record."  (R. 16.) The key is that the ALJ still found both opinions supported by and consistent with the record. *See Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019) ("'State agency physicians are qualified as experts in the evaluation of medical issues in disability claims' and . . . 'their opinions may constitute substantial evidence *if they are consistent with the record as a whole*.'") (quoting *Leach ex rel. Murray v. Barnhart*, No. 02-CV-3561, 2004 WL 99935, at *9 (S.D.N.Y. Jan. 22, 2004)) (emphasis added) (alteration omitted); *see also De Camacho*, 2717 F. Supp. 3d at 370 (noting that the ALJ is not required to adopt an examiner's opinion in its entirety).  The ALJ explicitly found these opinions as consistent with the record as a whole and supporting a RFC that is less restricted than that suggested by Plaintiff and Dr. Peris.  (*See* R. 13–16.)  Even if the difference between the opinions rose to the level of a conflict, courts have noted that "'an ALJ is free to choose between properly submitted medical opinions' and '[reviewing courts] defer to the Commissioner's resolution of conflicting evidence.'"  *McGonagle v. Kijakazi*, No. 22-637, 2022 WL 17724696, at *1 (2d Cir. Dec. 16, 2022) (summary order) (first quoting *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (alteration omitted), then quoting *Cage*, 692 F.3d at 122).

Dr. Perrotti reviewed the record in December 2021, (*see* R. 68), while Dr. Gandhi reviewed the record in March 2022, (*see id.* 86), by which time the record included additional treatment records.  Plaintiff asserts that the doctors' inability to review the "complete medical file" means that their opinions cannot constitute substantial evidence, and so the ALJ erred in relying on them.  (Pl's Obj. 5–6.)  However, "[n]o case or regulation . . . imposes an unqualified rule that a medical opinion is superseded by additional material in the record."  *Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2016) (summary order).  It is true that, "[w]here an opinion is 'stale,' it may not carry sufficient weight to meet the substantial evidence standard."  *Foster v. Comm'r of Soc. Sec. Admin.*, 692 F. Supp. 3d 105, 112 (S.D.N.Y. 2023).  However, the "passage of time does not render an opinion stale."  *Rodriguez v. Kijakazi*, No. 21-CV-2358, 2022 WL 3211684, at *15 (S.D.N.Y. Aug. 9, 2022) (alteration omitted) (citation omitted); *Edwards v. Comm'r of Soc. Sec. Admin.*, No. 22-CV-4345, 2023 WL 6173526, at *16 (S.D.N.Y. Sept. 22, 2023) (noting that "a medical opinion is not stale merely because it pre-dates other evidence in the record" (alteration adopted) (quotation marks and citation omitted)).  "A medical opinion may be stale if the claimant's condition deteriorates after the opinion is rendered and before the ALJ issues his decision."  *Gray v. Kijakazi*, No. 20-CV-4636, 2022 WL 974385, at *13 (S.D.N.Y. Mar. 31, 2022) (quotation marks and citation omitted).  "[E]ven a 'dated' opinion will not be deemed stale . . . if it is consistent with the record as a whole and there is no evidence of an intervening event such as a new injury or significant deterioration."  *Marrero v. Comm'r of Soc. Sec.*, No. 20-CV-10241, 2022 WL 3355266, at *6 (S.D.N.Y. Aug. 15, 2022).

Here, Dr. Perrotti and Dr. Gandhi's opinions are not stale.  There have been no significant intervening events between the opinions (from December 2021 and March 2022, respectively) and the ALJ's decision in October 2022.  The ALJ notes the only relevant

intervening event, an electromyogram in July 2022. (R. 14, 16.) Not only does this does not rise to the level of a significant intervening event, *see, e.g.*, *Gray*, 2022 WL 974385, at *13 (finding two surgeries, continued complaints of pain, and a new diagnosis as indicating intervening deterioration); *Rosario v. Kijakazi*, No. 20-CV-549, 2022 WL 875925, at *14–15 (S.D.N.Y. Mar. 15, 2022) (finding hospitalizations, related treatments, and new diagnoses and prescribed medications as indicating intervening deterioration), but the ALJ "reconciled the . . . findings with [Plaintiff's] subsequent treatment developments and additional limitations," *Rodriguez*, 2022 WL 3211684, at *15. The ALJ specifically noted a change in Plaintiff's limitations as detailed in the electromyogram, and found greater limitation than that opined by Dr. Perrotti, and similar limitation as opined by Dr. Gandhi. (*See* R. 16.) *See also Starr v. Comm'r of Soc. Sec. Admin.*, 581 F. Supp. 3d 525, 535–36 (S.D.N.Y. 2022) (finding that an opinion was not stale where "claimant's limitations in the months and years following the consultant's opinion were substantially similar to the limitations and findings articulated in the consultant's opinion" (quotation marks omitted)).

   2.  ALJ's Alleged Failure to Consider Portions of Dr. Peris' Opinion

   Plaintiff next objects that the ALJ "failed to properly address a crucial part of Dr. Peris' opinions regarding the [P]laintiff's cervical spine." (Pl's Obj. 6.) Specifically, Plaintiff faults the ALJ for failing to "state how persuasive he found each opinion with specific explanation[s] provided." (*Id.*) Plaintiff's objection amounts to "an alternative reading of the record and a different interpretation of [Dr. Peris'] medical opinion evidence." (R&R 15.) However, the ALJ clearly noted that Dr. Peris' opinion was inconsistent with the record as a whole. (*See* R. 13–16 (detailing the ALJ's consideration of the record as a whole and the various exhibits that comprise Dr. Peris' opinion.) Further, "[the] ALJ does not have to state on the record every reason

justifying a decision," *Foster v. O'Malley*, No. 22-CV-10145, 2024 WL 3813805, at *11

(S.D.N.Y. July 31, 2024) (quoting *Brault*, 683 F.3d at 448), and "[the] ALJ's failure to cite

specific evidence does not indicate that such evidence was not considered," *Brault*, 683 F.3d at

448. Plaintiff references other portions of the record as supporting Dr. Peris' opinion, (Pl's Obj.

7), but, at bottom, "[Plaintiff's] disagreement is with the ALJ's weighing of the evidence, [and]

the deferential standard of review prevents [the Court] from reweighing it," *Krull v. Colvin*, 669

F. App'x 31, 32 (2d. Cir 2016) (summary order).

      3. Consideration of Plaintiff's Physical Activities

      Plaintiff's final objection concerns the ALJ and Judge Jones' consideration of Plaintiff's

physical activities as reported in the record. (Pl's Obj. 7; R. 15 (referencing Plaintiff's ability to

cook, drive, clean, shop, ride a bike, kayak, lift 10-pound weights, shrug, curl and overhead

press); *see also* R&R 14).) The ALJ found that "[Plaintiff's] activities of daily living do not

support the reported severity of his severe physical impairments." (R. 15.)

      "[I]t is entirely appropriate for an ALJ to consider a claimant's daily activities in

assessing [the claimant's] credibility and capacity to perform work-related activities." *Lamorey

v. Barnhart*, 158 F. App'x 361, 363 (2d Cir. 2006) (summary order) (citing 20 C.F.R.

§ 404.1529(c)(3) (providing that the Social Security Administration will consider claimants'

"daily activities" when determining whether they are disabled)); *see also Julie W. v. Comm'r of

Soc. Sec.*, No. 23-CV-3143, 2024 WL 1861298, at *8 (S.D.N.Y. Apr. 29, 2024) ("A claimant's

normal range of activities may be relied upon as evidence that the claimant retains a greater

functional capacity than alleged." (quotation marks and citation omitted)); *Diaz*, 2023 WL

6390172, at *8 (citing with approval the ALJ's consideration of the plaintiff's "daily activities").

An ALJ may also "rel[y] on Plaintiff's activities of daily living in considering the opinion

evidence . . . ." *Miller v. Comm'r of Soc. Sec.*, No. 22-CV-2527, 2023 WL 4363004, at *12 (S.D.N.Y. July 6, 2023) (citing *McMillan v. Comm'r of Soc. Sec.*, No. 20-CV-7626, 2022 WL 457400, at *6 (S.D.N.Y. Feb. 15, 2022)).

Courts have found error where an ALJ's RFC determination is supported solely by a claimant's daily activities "without additional adequate evidence." *Hilton v. Kijakazi*, 602 F. Supp. 3d 558, 574 (S.D.N.Y. 2022) (collecting cases); *Woodford v. Apfel*, 93 F. Supp. 2d 521, 529 (S.D.N.Y. 2000) (remanding where the ALJ's RFC determination rested on the claimant's daily activities and "no [supporting] medical evidence was presented"). That is not the case here. The ALJ found that, "[t]hroughout the record, [Plaintiff] has described activities of daily living that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (R. 15.) But the ALJ's ultimate RFC determination does not rest solely on Plaintiff's daily activities. Rather, the ALJ considered the daily activities as supportive of and consistent with a degree of limitation that was less than that reported by Plaintiff and Dr. Peris. Because the ALJ's consideration of Plaintiff's daily activities was considered "as one factor[] among others . . ., th[e] Court finds no legal error in this aspect of the ALJ's analysis." *Sagrario M. v. Comm'r of Soc. Sec.*, No. 20-CV-10027, 2022 WL 1239655, at *7 (S.D.N.Y. Apr. 27, 2022) (citing *Ashby v. Astrue*, No. 11-CV-2010, 2012 WL 2477595, at *15 (S.D.N.Y. Mar. 27, 2012).

The Second Circuit's holding that "a claimant need not be an invalid to be found disabled" does not alter this outcome, (Pl's Obj. 7 (quoting *Balsamo*, 142 F.3d at 81)), as the ALJ in that case was found to have placed undue weight on the claimant's testimony of his daily activities, and subsequently made a RFC determination that was at odds with the record evidence, *see Balsamo*, 142 F.3d at 80–81. And the other cited cases are inapposite; *Bradley v.*

*Colvin*, 110 F. Supp. 3d 429 (E.D.N.Y. 2015), concerned an ALJ whose determination rested solely upon the claimant's testimony regarding daily activities, *id.* at 445–46, and *Carrol v. Secretary of Health and Human Services*, 705 F.2d 638 (2d. Cir. 1983), concerned an ALJ whose disregarded the claimant's testimony, even where it was consistent with the record, *id.* at 643. Here, as discussed above, the ALJ's determination does not rest solely on Plaintiff's daily activities, and the ALJ specifically found that Plaintiff's daily activities are not consistent with the limitations found in the record.  (*See* R. 13–16.)

*        *        *

In essence, Plaintiff's objections to the R&R amount to a broadside attack against the ALJ's reading of the record.  The ALJ found that Dr. Peris' opinion is unsupported by and inconsistent with the record as a whole.  (*See* R&R 15; *see also* R. 13–16.)  Upon the Court's review of the "entire record, including contradictory evidence and evidence from which conflicting inferences can be draw," *Talavera*, 697 F.3d at 151 (citation omitted), it is clear that the ALJ's decision was supported by substantial evidence, and that there is no basis to reject or modify Judge Jones's reasoned R&R.

## II.  Conclusion

For the reasons set forth above, it is hereby ORDERED that the Report and

Recommendation, dated August 9, 2024, is ADOPTED in its entirety.  Plaintiff's Motion is

denied.  The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt.

No. 11 and close the case.

SO ORDERED.

Dated:    October 24, 2024

White Plains, New York

KENNETH M. KARAS

United States District Judge

16